MERCEDES BUS LINE, INC., Plaintiff and Appellee, *v.* GREGORIO ROJAS, Defendant and Appellant.

No. 9916.   Argued June 2, 1949.—Decided June 20, 1949.

---

514

*R. Rivera Zayas, G. Rivera Cestero, Milton F. Rúa* and *Víctor Rivera Colón,* for appellant. *E. Martínez Rivera* and *Luis Blanco Lugo,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The defendant appeals from the decision rendered by the lower court dismissing the motion filed by him praying for the dissolution of the attachment levied. He contends that said Court erred in holding that the complaint stated facts sufficient to constitute a cause of action as to the damages, as well as to the fact that he bound himself to purchase

and the plaintiff to sell public service enterprises, and certificates and franchises issued by the Public Service Commission without it being specifically alleged that the transfer of such enterprises, certificates, and franchises were previously approved by said Commission.

In the complaint it is set up that on September 11, 1948, the plaintiff entered into a contract of sale with the defendant by virtue of which the latter bound himself to acquire for the sum of $48,000, three Transit Ford busses, with their corresponding franchises from the Public Service Commission; a Chevrolet Yellow-Coach bus, with its corresponding permit from said Commission; a permit from the said Commission to operate bus having license P-4934, or a bus in substitution thereof; a Jeep-Ford and other materials and equipment specifically described in the complaint, and which would be used in connection with the vehicles above mentioned; that the plaintiff is willing to comply with the agreement entered into by them but that the defendant has refused to pay the agreed price. It is prayed that judgment be rendered ordering the defendant to fulfill the contract by the payment of $48,000 and adjudging him to pay to the plaintiff the sum of $25,000 as damages, plus costs and attorney's fees. To secure the effectiveness of the judgment the plaintiff attached, after filing a bond, real property belonging to the defendant and the latter moved for the dissolution of the attachment on the ground that the complaint did not state facts sufficient to constitute a cause of action. The lower court denied said motion, and, as we have already stated, the defendant has appealed.

Section 55 of Act No. 70 of December 6, 1917 (Vol. II, pp. 432, 514) provides that "No sale, transfer, purchase, acquisition, taking or holding, either in absolute ownership or in pledge, directly or indirectly, of any franchise, right, privilege or concession granted for public or quasi-public uses, *shall be effective until approved by the*

*commission.*" (Italics ours.) In other words, this means that every sale, transfer, purchase, or acquisition of any franchise or permit, as those involved herein, shall be void and nonexistent unless the approval of the Public Service Commission has been previously obtained.

The regulations approved by said Commission on January 28, 1948, provide, in addition, that "no change in the ownership or possession of any bus subject to the provisions of these regulations shall be made *unless the consent and approval of the Commission is previously requested under oath and obtained.*" (Italics ours.) Pursuant to § 48 of Act No. 70, *supra,* said regulations have the force of law.

Since in the complaint it is not alleged ·that in order to carry out the sale of the franchises, permits, and busses referred to therein, the consent and approval of the Public Service Commission were previously obtained, such as is required by the law and the regulations approved pursuant thereof, the plaintiff is not entitled to demand .the specific performance of the contract mentioned therein. ·

In rendering its decisions, the lower court mainly relied on 23 Am. Jur., 743, §36 wherein it is stated that "Generally, an unauthorized transfer of a public utility franchise is not *ipso facto* void; on the contrary, the transfer will be treated, ordinarily, as valid and effectual until attacked by the sovereign grantor in a direct proceeding instituted for the purpose." However, a careful examination of the cases cited in said work in support of the context shows that in none of those cases there existed a prohibition so clear and express, and so conclusive as the óne contained in § 55 of the Act and in § 8 of the Regulations, *supra.* On the other hand, at the end of that same Section of the above-mentioned textbook, it is stated at page 744 that "Indeed, the courts have steadfastly refused to sanction any mode of alienation which is not permitted expressly or by reasonable implication in the statute upon which the right of alienation depends." From this it

may be logically inferred, in our judgment, that the first words cited constitute the exception and the last ones, the general rule regarding the matter.

As is stated in "Law of Public Utilities" by Oscar L. Pond, Vol. 2, 4th edition, § 443, p. 776, "A public utility may not sell its property and incapacitate itself from performing its public duties without the consent of the state or municipality, and a contract attempting to do so without such consent will not be enforced because of the public welfare involved in the transaction"; and "A court of equity will not compel performance of an ultra vires agreement," citing the cases of *Guilford & Sangerville Water Dist.* v. *Sangerville Water Supply Co.*, 130 Maine 217, 154 Atl. 567, and *Stockton, Attorney General* v. *Central Railroad*, 50 N. J. Eq. 52, 24 Atl. 964, 17 L.R.A. 97. See also Public Utilities, *supra*, at page 786; 35 Am. St. Rep. 392; *Otter Tail Power Co.* v. *Clark*, 229 N. W. 915; *Crum* v. *Mt. Shasta Power Corp.*, 30 P. (2d) p. 30; *Henderson* v. *Oroville-Wyandotte Irr. Dist.*, 2 P. (2d) 803; *Webster Mfg. Co.* v. *Byrnes*, 280 P. 101; *Attorney General* v. *Haverhill Gaslight Co.*, 101 N. E. 1061.

At the end of its brief plaintiff contends that "Even assuming that the franchise could not be validly transferred, it is no less true that the present contract not only involves the franchises of the busses of the Mercedes Bus Line Inc., but also covers vehicles and automobile parts," and that "as to the latter personal property there should not be the slightest doubt that the contract is perfectly valid and subject to specific performance." It is mistaken. By express provision the Civil Code (§ 1123, 1930 ed.) "Unless the contract expressly authorizes it the creditor can not be compelled to partially receive the prestations of which the obligation consists." There is nothing in the complaint showing that by the express terms of the contract, the defendant is bound to receive part of the things involved therein. On the contrary, from the face thereof it appears

that there is involved the sale of an enterprise as a whole and, this being so, the obligation is indivisible.[1] It should not be therefore concluded that the defendant may be compelled to receive only those things for which the previous approval of the Public Service Commission is not necessary, or consequently, that in connection with them, the complaint states facts sufficient to constitute a cause of action.

■ If the complaint fails to state facts sufficient to constitute a cause of action, the attachment levied pursuant thereof is void. *Armstrong & Co.* v. *Irizarry*, 29 P.R.R. 563; *Gastón* v. *Heirs of Franceschi*, 43 P.R.R. 293, 294. Now then, as it is possible that the plaintiff is in a position to amend its complaint, for the purpose of alleging that the sale of the franchises, permits, and busses was previously approved by the Public Service Commission, the case should be remanded to the lower court so that it may grant the plaintiff a reasonable term to do so. When the complaint is susceptible of amendment the attachment levied should not be dissolved. *Armstrong* v. *Irizarry*, *supra*. For this sole reason we shall render judgment affirming the decision.

In view of the conclusion we have reached as to the main cause of action alleged, it is unnecessary to decide now whether the complaint, as drafted, states facts sufficient to constitute a cause of action in a claim for damages.

The decision appealed from will be affirmed and the case remanded for further proceedings not inconsistent with this opinion.

ON MOTION FOR RECONSIDERATION

Argued November 7, 1949.—Decided November 18, 1949.

---

[1] In obligations in which there is but one debtor and one creditor the condition of indivisible is presumed by law, unless otherwise agreed. Manresa, *Comentarios al Código Civil Español*, vol. 8, 1929 ed., pp. 215 and following of that same volume.

*Víctor Rivera Colón* for appellant.   *E. Martínez Rivera* and *Luis Blanco Lugo,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the original opinion rendered in this case on June 20, 1949, *ante,* p. 513, we held that in view of the provisions of § 55 of Act No. 70 of 1917 (Vol. II, pp. 432, 515) and of the Regulations of the Public Service Commission approved pursuant thereto, a complaint wherein it is alleged that the plaintiff entered into a contract of sale with the defendant, by virtue of which the latter bound himself to purchase from the former certain busses with their corresponding franchises, and also certain permits and equipment, does not state facts sufficient to constitute a cause of action for the specific performance of a contract.   Likewise that since the complaint could be amended, the attachment levied should not be dissolved.   We rendered hence judgment affirming the

decision of the lower court refusing to dissolve the attachment.

▆▆▆ The plaintiff has filed a motion for reconsideration and contends, among other things, that the basic theory of. our opinion is the construction of § 55 of Act No. ·70, *supra*, to the effect that every sale, transfer, purchase, or acquisition of any franchise or concession granted for public use is void and nonexistent unless the approval of said Commission is previously obtained. We do not hesitate to admit that we erred in expressing ourselves in the manner we did. The contract alleged in the complaint was not void or nonexistent. On the contrary, it is one subject to a condition precedent inasmuch as its effectiveness depends on the favorable action of the Public Service Commission. The specific performance of such contract does not lie until the fulfilment of the condition to which it is subjected. Sections 1067 and 1068 of the Civil Code, 1930 ed.[1]; Manresa, *Comentarios al Código Civil*, Vol. 8, 1901 ed., pp. 118 *et seq.;* Planiol-Ripert, *Derecho Civil Francés*, Vol. 7, paragraphs 1025 and 1030, pp. 338 and 343, respectively; Planiol-Ripert, op. cit., Vol. 3, paragraph 232, p. 215, and Giorgi, *Teoría de las Obligaciones*, Vol. 4, p. 354 and following.

▆▆ However, although the specific performance of such a conditional contract can not be forthwith demanded, the contracting parties are not left without a remedy. In this connection our Civil Code provides in its § 1074 that "the creditor may, before fulfilling the conditions, enforce the actions which may be proper for the preservation of his right." See also Manresa, op. cit., Vol. 8, p. 129; Giorgi,

---

[1] "Section 1067.—In conditional obligations, the acquisition of rights, as well as the extinction or loss of those already acquired, shall depend upon the event constituting the condition.

"Section 1068.—If the fulfilment of the condition should depend upon the exclusive will of the debtor, the conditional obligation shall be void. If it should depend upon chance or upon the will of a third person, the obligation shall produce all its effects in accordance with the provisions of this Code.

op. cit., Vols. 2 and 4, pp. 229 and 358, respectively; Planiol-Ripert, op. cit., Vol. 7, paragraph 1032, p. 345, and Martínez Ruiz, *Código Civil*, Vol. 7, p. 161.

Therefore, although the specific performance of the contract mentioned in the complaint can not be demanded until the approval of the transfer is obtained from the Public Service Commission, the plaintiff may, however, pursuant to § 1074 of the Civil Code, *supra*, and according to the views of the commentators above mentioned, enforce the actions which may be proper for the preservation of its rights. Among them is, of course, the action requesting the courts to acknowledge the existence of the alleged contract.

Consequently, in the light of the possibility that the plaintiff may amend its complaint and allege that it has obtained from the Public Service Commission the approval of the transfer of the busses, franchises, and permits or that it may do so for the purpose of obtaining the acknowledgment of its right, the attachment levied should not be dissolved nor the decision appealed from reversed.

An order shall be issued modifying our original opinion in accordance with the terms of this one.